AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>**Madiam Escobedo**<br>(U.S. Citizen; DOB: ▮▮/1988)<br>*Defendant(s)* | ) ) ) ) ) ) ) )  Case No.   7:25-mj-2517 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 27th, 2025__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324a(1)(A) | Unlawful employment of aliens |
| 8 U.S.C. § 1324(a)(1)(A)(iv) | Bringing in and harboring certain aliens |

This criminal complaint is based on these facts:
See "Attachment A".

☒ Continued on the attached sheet.

/s/ Special Agent Wesley G. Jones
*Complainant's signature*

Special Agent Wesley G. Jones
*Printed name and title*

Approved by AUSA Patricia Profit

Submitted by reliable electronic means, sworn and attested to telephonically per Fed. R. Cr. 4.1, and probable cause found on:

Date: __10/02/2025__ @ 11:24 p.m.

*[signature]*
*Judge's signature*

City and state: __McAllen, Texas__

Juan Alanis, U.S. Magistrate Judge
*Printed name and title*

**Attachment A**

I, Wesley G. Jones, am a Special Agent (SA) of U.S. Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) and have direct personal knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

On or about June 27th, 2025, HSI SAs, using the services of a reliable and vetted confidential informant, determined that Moonrise Trading Corporation ("Moonrise") located at 7825 S 23rd St McAllen was willing to hire illegal aliens or aliens without the necessary documents to lawfully work in the U.S. Using a clandestine audio/video recording device placed on this informant, HSI obtained footage of them being hired by and engaging in productive work at the behest of an individual later identified as Brenda GONZALEZ and at the behest of Madiam ESCOBEDO, the business' purported co-owner.

The informant conveyed to HSI that Brenda GONZALEZ agreed to hire them and pay cash weekly knowing that the informant portrayed themselves to be an illegal alien. The informant also stated that GONZALEZ stated Moonrise was willing to hire the informant's purported family members in Mexico who possess B1/B2 visas (which do not authorize work in the U.S.) and encouraged the informant to direct them to fraudulently seek admission to the U.S. to gain employment at Moonrise.

While engaged in work, the informant had recorded conversation with multiple other employees at Moonrise who identified themselves as illegal aliens or claimed to not have the necessary documents to work lawfully in the U.S. These individuals stated that their status is not an issue as Moonrise pays weekly in cash and only requires some form of Mexican ID to receive pay. One individual stated to this informant that every non-supervisory employee in the back of Moonrise is working without lawful permission to do so. Additionally, the informant received direct supervision and direction on how to perform their job duties from ESCOBEDO, Moonrise's co-owner.

On October 2nd, 2025, HSI SAs executed a search and seizure warrant upon Moonrise. During this warrant service, HSI SAs entered into an area of the rear of the business segregated by a sizeable metal divider with an unfastened padlock which was only open by several inches. Unlike the business' front desk area which was stocked with merchandise bearing price tags and featured an area to select clothing by the pound for purchase, this area contained industrial presses for baling clothing, forklifts, industrial laundry carts, tables for sorting and folding clothing, etc. This area had no labeled merchandise and had only one entrance and exit – the aforementioned metal divider. This area was adorned with signage in Spanish containing notices to employees regarding Moonrise's policies, among other things.

While in this area, HSI SAs encountered no fewer than eleven (11) individuals who are citizens and nationals of Mexico without the necessary documents to obtain employment in the United

States engaged in productive labor such as unpackaging, sorting, folding, and re-packaging bulk clothing within Moonrise's warehouse floor. Among them was ESCOBEDO, who gave instructions to them not to comply with HSI's orders to exit the building.

HSI SAs conducted interviews with each individual located on the premises of Moonrise and determined that the aforementioned eleven (11) individuals were indeed employees of the business based on a combination of their individual statements and evidence found at Moonrise such as forms bearing the employee's names, envelopes likely intended for pay bearing the employee's names, etc. Several individuals identified ESCOBEDO and/or her immediate family members, who are purported to be co-owners of Moonrise, as hiring them, with some indicating they maintained employment at Moonrise for several years. Multiple individuals matched the individuals captured in the aforementioned footage obtained by an HSI informant.

GONZALEZ specifically stated to HSI that a sibling of ESCOBEDO hired her several years prior, knowing that at the time of her hiring she was not authorized to work lawfully in the U.S. and agreed to pay her in cash to conceal her employment. GONZALEZ explained to HSI that once she obtained lawful status (*i.e.,* a Permanent Resident Card) that Moonrise began paying her in check.

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Brenda Gonzalez<br>(U.S. LPR, CoC: Mexico; DOB: ▮/1975)<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) Case No. 7:25-mj-2517-2 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 27th, 2025__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324a(1)(A) | Unlawful employment of aliens |
| 8 U.S.C. § 1324(a)(1)(A)(iv) | Bringing in and harboring certain aliens |

This criminal complaint is based on these facts:
See "Attachment A".

☑ Continued on the attached sheet.

Approved by AUSA Patricia Profit

Submitted by reliable electronic means, sworn and attested to telephonically per Fed. R. Cr. 4.1, and probable cause found on:

Date: __10/02/2025__ @ 11:24 p.m.

City and state: __McAllen, Texas__

/s/ Special Agent Wesley G. Jones
*Complainant's signature*

Special Agent Wesley G. Jones
*Printed name and title*

*Judge's signature*

Juan Alanis, U.S. Magistrate Judge
*Printed name and title*

## Attachment A

I, Wesley G. Jones, am a Special Agent (SA) of U.S. Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) and have direct personal knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

On or about June 27th, 2025, HSI SAs, using the services of a reliable and vetted confidential informant, determined that Moonrise Trading Corporation ("Moonrise") located at 7825 S 23rd St McAllen was willing to hire illegal aliens or aliens without the necessary documents to lawfully work in the U.S. Using a clandestine audio/video recording device placed on this informant, HSI obtained footage of them being hired by and engaging in productive work at the behest of an individual later identified as Brenda GONZALEZ and at the behest of Madiam ESCOBEDO, the business' purported co-owner.

The informant conveyed to HSI that Brenda GONZALEZ agreed to hire them and pay cash weekly knowing that the informant portrayed themselves to be an illegal alien. The informant also stated that GONZALEZ stated Moonrise was willing to hire the informant's purported family members in Mexico who possess B1/B2 visas (which do not authorize work in the U.S.) and encouraged the informant to direct them to fraudulently seek admission to the U.S. to gain employment at Moonrise.

While engaged in work, the informant had recorded conversation with multiple other employees at Moonrise who identified themselves as illegal aliens or claimed to not have the necessary documents to work lawfully in the U.S. These individuals stated that their status is not an issue as Moonrise pays weekly in cash and only requires some form of Mexican ID to receive pay. One individual stated to this informant that every non-supervisory employee in the back of Moonrise is working without lawful permission to do so. Additionally, the informant received direct supervision and direction on how to perform their job duties from ESCOBEDO, Moonrise's co-owner.

On October 2nd, 2025, HSI SAs executed a search and seizure warrant upon Moonrise. During this warrant service, HSI SAs entered into an area of the rear of the business segregated by a sizeable metal divider with an unfastened padlock which was only open by several inches. Unlike the business' front desk area which was stocked with merchandise bearing price tags and featured an area to select clothing by the pound for purchase, this area contained industrial presses for baling clothing, forklifts, industrial laundry carts, tables for sorting and folding clothing, etc. This area had no labeled merchandise and had only one entrance and exit – the aforementioned metal divider. This area was adorned with signage in Spanish containing notices to employees regarding Moonrise's policies, among other things.

While in this area, HSI SAs encountered no fewer than eleven (11) individuals who are citizens and nationals of Mexico without the necessary documents to obtain employment in the United

States engaged in productive labor such as unpackaging, sorting, folding, and re-packaging bulk clothing within Moonrise's warehouse floor. Among them was ESCOBEDO, who gave instructions to them not to comply with HSI's orders to exit the building.

HSI SAs conducted interviews with each individual located on the premises of Moonrise and determined that the aforementioned eleven (11) individuals were indeed employees of the business based on a combination of their individual statements and evidence found at Moonrise such as forms bearing the employee's names, envelopes likely intended for pay bearing the employee's names, etc. Several individuals identified ESCOBEDO and/or her immediate family members, who are purported to be co-owners of Moonrise, as hiring them, with some indicating they maintained employment at Moonrise for several years. Multiple individuals matched the individuals captured in the aforementioned footage obtained by an HSI informant.

GONZALEZ specifically stated to HSI that a sibling of ESCOBEDO hired her several years prior, knowing that at the time of her hiring she was not authorized to work lawfully in the U.S. and agreed to pay her in cash to conceal her employment. GONZALEZ explained to HSI that once she obtained lawful status (*i.e.*, a Permanent Resident Card) that Moonrise began paying her in check.